IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 7 |
| | : | |
| WILLIAM L. HARPER, JR. | : | BANKRUPTCY NO. 22-12876(AMC) |
| | : | |
| Debtor | : | |
| | : | |
| CHRISTINE C. SHUBERT, in her capacity as the Chapter 7 Trustee for the Estate of WILLIAM L. HARPER, JR. | : : : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | ADVERSARY NO. 25- |
| | : | |
| WILLIAM L. HARPER, JR. | : | |
| | : | |
| Defendant | : : | |

## COMPLAINT

Christine C. Shubert, Chapter 7 Trustee (the "Trustee" and "Plaintiff") for the estate of William L. Harper, Jr., by and through her counsel, Karalis PC, hereby brings this Complaint against William L. Harper, Jr. (the "Defendant"), and in support thereof, respectfully avers as follows:

### JURISDICTION AND VENUE

1. The Plaintiff brings this adversary proceeding pursuant to and under Rule 7001 of the Federal Rules of Bankruptcy Procedure, seeking relief pursuant to, *inter alia*, Section 542(a) of Title 11 of the United States Code (the "Bankruptcy Code") to turnover property of the bankruptcy estate and for related relief.

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. §

157(b)(2)(A), (E), and (O).

3. Venue of this adversary proceeding is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1409(a).

4. The Court has personal jurisdiction over the Defendant pursuant to Fed. R. Bankr. P. 7004.

## PARTIES

5. The Plaintiff is the duly qualified and acting Chapter 7 Trustee in this bankruptcy proceeding.

6. The Defendant is the debtor in this bankruptcy proceeding and an individual with an address of 601 Saginaw Road, Lincoln University, PA 19352.

## STATEMENT OF FACTS

**A.    Procedural Background.**

7. On October 26, 2022 (the "Petition Date"), the Defendant filed for protection under Chapter 7 of the Bankruptcy Code.

8. On October 27, 2022, the Trustee was appointed and is so acting.

**B.    The Litigation against Kelly Harper.**

9. On March 27, 2023, the Trustee initiated an adversary proceeding (the "Adversary Proceeding") by filing a complaint (the "Complaint") against Kelly Harper ("Ms. Harper") at Adversary No. 23-00025(AMC).

10. Ms. Harper is the Defendant's daughter.

11. The Complaint sought, *inter alia*, to avoid and recover transfers in the aggregate amount of $25,205.00 pursuant to the provisions of 11 U.S.C. §§ 544, 548 and 550.

Case 25-00106-amc   Doc 1   Filed 01/20/25   Entered 01/20/25 14:25:22   Desc Main
Document      Page 3 of 9

12. The Trustee and Ms. Harper engaged in settlement discussions and resolved all claims between and among them in connection to the Adversary Proceeding and the Complaint in accordance with the terms and conditions of a Settlement Agreement and Mutual Release (the "Settlement Agreement").

13. On January 11, 2024, this Court entered an Order approving the Settlement Agreement.

14. The terms and conditions of the Settlement Agreement provided, *inter alia*, as follows:

    A. **Settlement Amount.** Ms. Harper shall pay the sum of $25,205.00 to the Trustee (the "Settlement Amount") to resolve the Settled Claims. The Settlement Amount shall be paid as follows: (i) the sum of $5,000.00 (the "Initial Payment") on or before December 15, 2023, (ii) the sum of $1,667.00 per month for eleven (11) months and (iii) the sum of $1,868.00 in the twelfth (12th) month (collectively, the "Monthly Payments", and together with the Initial Payment, the "Payments").

    B. **Consent Judgment.** Simultaneously with the execution of the Agreement, Ms. Harper shall sign the Consent Judgment in the amount of $25,205.00 (the "Consent Judgment").

15. As Ms. Harper made none of the Payments, the Consent Judgment was entered against her on April 11, 2024.

16. At the time that the Trustee entered into the Settlement Agreement with Ms. Harper, the Trustee and the Defendant entered into an agreement whereby the Defendant would be obligated to pay the full Settlement Amount to the Trustee (the "Defendant Agreement"). The Trustee's undersigned counsel and the Defendant had conversations and exchanged numerous e-mails whereby the Defendant consistently indicated that he would be responsible to pay the Settlement Amount to the Trustee. As set forth in an e-mail dated October 14, 2023 (the

3

"10/14/2023 E-Mail"), the Defendant indicated "… I will be able to do a payment plan on *[sic]* November. Please extend the time on Kelly as she was innocent. When I get the monies my lawyer will contact you…" The 10/14/2023 E-Mail is attached hereto as Exhibit "A" and made a part hereof.

17. The Declaration of the Plaintiff is Support of this Complaint is attached hereto as Exhibit "B" and made a part hereof.

## COUNT I

### Breach of Contract

18. The Plaintiff realleges paragraphs 1 through 17 as if more fully set forth at length.

19. The Debtor and the Defendant entered into the Defendant Agreement whereby the Defendant would pay the sum of $25,205.00 to the Trustee.

20. The Defendant has breached the Defendant Agreement by failing to pay the sum of $25,205.00 to the Trustee.

**WHEREFORE,** the Plaintiff prays that judgment be entered as follows:

(a) for the Plaintiff and against the Defendant in the amount of $25,205.00;

(b) awarding pre- and post-judgment interest on the sum of $25,205.00;

(c) awarding attorneys' fees and costs; and

(d) for such other and further relief as this Court deems appropriate.

## COUNT II

### Turnover of Property of the Estate Pursuant to Section 542 of the Bankruptcy Code

21. The Plaintiff realleges paragraphs 1 through 20 as if more fully set forth at length.

22. The sum of $20,205.00 constitutes property of the Debtor's estate and is subject to turnover pursuant to 11 U.S.C. § 542.

4

**WHEREFORE,** the Plaintiff prays that judgment be entered as follows:

(a) for the Plaintiff and against the Defendant in the amount of $25,205.00;

(b) awarding pre- and post-judgment interest on the sum of $25,205.00;

(c) awarding attorneys' fees and costs; and

(d) for such other and further relief as this Court deems appropriate.

**Respectfully submitted,**

**KARALIS PC**

By: /s/ Robert W. Seitzer
 ROBERT W. SEITZER
 1900 Spruce Street
 Philadelphia, PA 19103
 (215) 546-4500
 rseitzer@karalislaw.com

*Attorneys for the Plaintiff/Trustee*

Dated: January 20, 2025

5

**EXHIBIT "A"**

 Robert Seitzer <rseitzer@karalislaw.com>

## Bankruptcy
1 message

**Bill Harper** <billharpjr@comcast.net>  Sat, Oct 14, 2023 at 1:43 AM
To: rseitzer@karalislaw.com

Dear Mr. Seitzer,

I'm sending you this to let you know what I had discussed with my lawyer. I will be able to do a payment plan on November. Please extend the time on Kelly as she was innocent. When I get the monies my lawyer will contact you.
Best regards,


Bill Harper


Cell- 734-788-2704

# **EXHIBIT "B"**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 7 |
| WILLIAM L. HARPER, JR. | BANKRUPTCY NO. 22-12876(AMC) |
| Debtor | |
| CHRISTINE C. SHUBERT, in her capacity as the Chapter 7 Trustee for the Estate of WILLIAM L. HARPER, JR. | |
| Plaintiff | |
| v. | ADVERSARY NO. 25- |
| WILLIAM L. HARPER, JR. | |
| Defendant | |

**DECLARATION OF CHRISTINE C. SHUBERT,
<u>CHAPTER 7 TRUSTEE, IN SUPPORT OF COMPLAINT</u>**

The undersigned hereby swears and affirms pursuant to 28 U.S.C. § 1746 that the following information is true and correct to the best of my knowledge, information and belief:

1. I am the Chapter 7 Trustee of the above-referenced bankruptcy estate.

2. On January 20, 2025, I filed the Complaint (the "<u>Complaint</u>").

3. I reviewed the Complaint prior its filing with the Court.

4. All of the facts and averments set forth in the Complaint are true and correct and I offer these facts and averments in support of the relief sought in the Complaint.

5. I declare under penalty of perjury that the foregoing is true and correct.

                                                  /s/ Christine C. Shubert
                                                  Christine C. Shubert,
                                                  Chapter 7 Trustee

Dated: January 20, 2025